REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
rmastrangelo@rmcmlaw.com
*Attorneys for Defendant*
*Otis Elevator Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEVIN JESSEE,<br><br>             Plaintiff,<br><br>vs.<br><br>OTIS ELEVATOR COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive<br><br>             Defendants. | CASE NO.  2:24-cv-9312 |

**DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant"), through undersigned counsel, hereby files this Notice of Removal to effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-24-891216-C, to the United States District Court of Nevada in Las Vegas.

In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

1.     On or about April 15, 2024, Plaintiff Devin Jessee ("Plaintiff"), filed a Complaint ("Complaint") in the civil action styled as *DEVIN JESSEE v. OTIS ELEVATOR COMPANY, a*

*foreign corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES XI through XX, inclusive*, in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-24-891216-C ("State Court Action").  True and correct copies of all processes and pleadings served upon or available to Defendant at the time of this Notice of Removal, namely the Summons and Complaint filed in the State Court Action, are attached to the Declaration of Rebecca L. Mastrangelo in support of this Notice of Removal ("Mastrangelo Decl.") as Exhibit A thereto, and incorporated herein by reference.

2.    The Complaint sets forth claims for relief as follows: (i) its "First Cause of Action" of "Negligence"; (ii) its "Second Cause of Action" of "Strict Products Liability"; and (iii) its "Third Cause of Action" of "Breach of Express/Implied Warranties".  See Exh. A, Complaint, pp. 4-11.

3.    The Complaint alleges that on or around April 20, 2022, at the real property commonly referred to as the Aquarius Casino Resort, located at 1900 South Casino Drive, Laughlin, Nevada 89029 (the "Subject Premises"), Plaintiff was in an elevator (the "Subject Elevator") at the Subject Premises when it "suddenly and without warning malfunctioned, and began free falling from approximately the Fourteenth Floor to the Ninth Floor, coming to an abrupt and violent stop between the Ninth Floor and Tenth Floor." Exh. A, Complaint,  9-10.  Plaintiff further contends he was employed by the Subject Premises at the time of the alleged incident, and that Defendant, as well as certain DOE defendants and/or ROE corporations were the persons or entities who were responsible for the incident, and in some manner caused the injuries because they owned, leased, managed, operated, inspected, repaired, maintained, entrusted and/or were responsible for the Subject Elevator, and/or were negligently hired, trained, supervised or retained by Defendant. *Id*. at 3-4.  Plaintiff also contends Defendant was the designer, manufacturer, producer, packager, distributor, installer, and/or holder of the maintenance contract for the Subject Elevator.  *Id*. at  2.

4.    Plaintiff contends that the alleged incident resulted in injuries to his body and "suffered severe, debilitating physical and emotional injuries" and incurred "substantial monetary damages for the medical treatment and care resultant from the injuries caused by the elevator." *Id*. at  12-13.  Plaintiff alleges that he "sustained injuries to his body, all of which caused or will continue to cause general damages in the form of physical, mental, and pain and suffering," and was

"required to incur medical and related expenses," and that Plaintiff "will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, and to procure hospitalization, medicine, and general medical care and attention." *Id.*,  24-26, 33-35, 47-49. Plaintiff alleges that due to his injuries he has sustained "lost work opportunities, and his ability and capacity to earn a living has been impaired," and that Plaintiff has "suffered a loss of past and future household services." *Id.*,  27-28, 36-37, 50-51.

5.     Defendant was served with the Summons and Complaint in the State Court Action on April 22, 2024.

6.     As specifically shown below, there is complete diversity between Plaintiff and Defendant.   28 U.S.C. § 1441; Exh. A, Complaint,  1-2; Mastrangelo Decl.,  5.

7.     As specifically shown below, based on the allegations of the Complaint, Plaintiff contends an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. A, Complaint,  12-14, 24-28, 33-37, 47-51.

8.     The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b), the Notice is filed within thirty (30) days of receipt by Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## DIVERSITY OF CITIZENSHIP

9.     Plaintiff is a resident of Arizona.  Exh. A, Complaint,  1.

10.     A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business." 28 U.S.C. § 1332(c)(1).

11.     Defendant Otis Elevator is incorporated in New Jersey and has its principal place of business in Connecticut. Mastrangelo Decl.,  5. Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

12.     The citizenship of a limited liability company is determined by examining the citizenship of each owner/member of the company, such that it is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13.    Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14.    Accordingly, this action involves "citizens of different States." See 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Arizona only, Defendant is a citizen of New Jersey and Connecticut only, with the subject incident alleged by Plaintiff to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15.    Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16.    Plaintiff alleges that he was in the Subject Elevator at the Subject Premises when it "suddenly and without warning malfunctioned, and began free falling from approximately the Fourteenth Floor to the Ninth Floor, coming to an abrupt and violent stop between the Ninth Floor and Tenth Floor." Exh. A, Complaint, 9-10.

17.    Plaintiff alleges that as a result of the subject incident, he suffered from injuries to his body and "suffered severe, debilitating physical and emotional injuries" and incurred "substantial monetary damages for the medical treatment and care resultant from the injuries caused by the elevator." *Id*., Complaint, at 12-13. Plaintiff alleges that he "sustained injuries to his body, all of which caused or will continue to cause general damages in the form of physical, mental, and pain and suffering," and was "required to include medical and related expenses," and that Plaintiff "will be required in the future to incur expenses for and to employ physicians, nurses, physical therapists, and to procure hospitalization, medicine, and general medical care and attention." *Id*., 24-26, 33-35, 47-49.

18.    Plaintiff further alleges that as a result of the subject incident, he has sustained "lost work opportunities, and his ability and capacity to earn a living has been impaired," and that Plaintiff has "suffered a loss of past and future household services." *Id*., 27-28, 36-37, 50-51.

19.    Plaintiff affirmatively pleads damages for his separate causes of action for

Negligence, Strict Products Liability, and Breach of Express/Implied Warranties. Ex. A, Complaint, 24-29, 33-38, and 47-52.  In each of those causes of action, Plaintiff separately alleges general damages "in an amount in excess of $15,000.00" and special damages "in excess of $15,000.00," with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court.  Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."

20.    Plaintiff also seeks a separate award of attorneys' fees and costs.  Exh. A, Complaint, 29, 38, and 52.

21.    In his prayer for relief, Plaintiff seeks for each cause of action "special damages for Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expense thereto, in an amount in excess of $15,000.00 each"; "[g]eneral past and future damages for Plaintiff, in an amount in excess of fifteen thousand dollars ($15,000.00)"; "[c]ompensatory damages in an amount in excess of fifteen thousand dollars ($15,000.00)"; "[l]ost wages and loss of future earning capacity in an amount in excess of fifteen thousand dollars ($15,000.00)"; and "reasonable attorneys' fees and costs of suit;" and "pre-judgment and post-judgment interest, as allowed by law."  Plaintiff also seeks punitive damages.  Based on the allegations of his Complaint, Plaintiff accordingly prays for aggregate damages for these seven categories which appear to exceed $75,000.00.

22.    Plaintiff's allegations and requests for damages against Defendant establish that he is seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).  § 1446(c)(2)(B); Salter v. Quality Carriers, Inc., 974 F.3d 959, 962-963 (9th Cir. 2020); Sanchez v. Monument Life Ins. Co., 102 F.3d 398, 403-404 (9th Cir. 1996).

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

23.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

24.    The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

25.    The above-captioned Court is the proper District Court for removal because the State

Court Actions is pending within the District of Nevada.

26.    If any questions arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

27.    If Plaintiff seeks remand under the premise that his injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiff to stipulate that he would not seek to recover any judgment against Defendant in this matter in excess of $75,000.00.

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED this 17th day of May, 2024.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

*/s/ Rebecca L. Mastrangelo*

Rebecca L. Mastrangelo, Esq.
Nevada Bar No. 5417
700 South Third Street
Las Vegas, Nevada 89101
*Attorneys for Defendant*
*Otis Elevator Company*

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of May, 2024, the foregoing **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

John B. Shook, Esq.
Mark A. Rouse, Esq.
SHOOK & STONE, CHTD.
710 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

*/s/ Kathy Vigil*

An Employee of Rogers, Mastrangelo, Carvalho & Mitchell